IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

FREDERICK PINKSTON                                                                    PETITIONER
Reg. #19117-075

v.                                              2:20-cv-00019-LPR-JJV

DEWAYNE HENDRIX, Warden,
Federal Correctional Complex (Low)                                                    RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. PROCEDURAL HISTORY

On July 22, 2009, Petitioner Frederick Pinkston was indicted in the United States District Court for the Middle District of Tennessee on three counts: conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine (count 1), attempt to possess with intent to distribute 500 grams or more of cocaine (count 2), and felon in possession of a firearm (count 3). *United States v. Pinkston*, No. 3:09CR00161-3, Doc. No. 35. Mr. Pinkston ultimately pleaded guilty to counts 2 and 3, and count 1 was dismissed. *Id.*, Doc. No. 125. In the plea agreement, he acknowledged he qualified as a career offender under United States Sentencing Guidelines § 4B1.1 because he was at least eighteen years old at the time of the instant offense, the instant offense was a felony that was either a crime of violence or a controlled substance offense, and he had at least two prior felony convictions for either a crime of violence or a controlled substance offense. *Id.*, Doc. No. 70 at 13. Pursuant to the parties' agreement, Mr. Pinkston was sentenced to 188 months' imprisonment on count 2 and 120 months' imprisonment on count 3, to run concurrently, followed by four years' supervised release on count 2 and three years' supervised release on count 3, also to run concurrently. *Id.*, Doc. No. 125. He did not appeal.

Mr. Pinkston then filed in the sentencing court a motion to vacate, set aside, or correct his

2

sentence pursuant to 28 U.S.C. § 2255. *Pinkston v. United States*, No. 3:13CV00980, Doc. No. 1. He alleged his sentence was erroneously enhanced "two levels for a gun" and that it was "wrongly calculated under the sentencing guidelines for cocaine." *Id.* at 2, 4. The sentencing court denied the motion and denied a certificate of appealability. *Id.*, Doc. Nos. 12-13. The court found Mr. Pinkston had waived his right to collaterally attack his sentence, except on the basis of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel, in the plea agreement. *Id.*, Doc. No. 12 at 2. The court further found Mr. Pinkston's § 2255 motion was untimely and would fail on the merits. *Id.* at 3-5. The United States Court of Appeals for the Sixth Circuit also denied a certificate of appealability. *Pinkston v. United States*, No. 14-5011 (6th Cir. June 12, 2014) (unpublished).

Mr. Pinkston subsequently filed two motions seeking permission from the Sixth Circuit to file a second or successive § 2255 motion. In the first, he raised claims of ineffective assistance of counsel, including in the negotiation of the plea agreement that resulted in the waiver of his right to collaterally attack his sentence. *United States v. Pinkston*, No. 3:09CR00161-3, Doc. No. 128 at 2. The Sixth Circuit denied Mr. Pinkston's motion, holding he did not meet the standard for filing a second or successive petition. *In re Frederick Pinkston*, No. 15-5203 (6th Cir. July 25, 2015). In his second request for permission to file a second or successive § 2255 motion, Mr. Pinkston asserted he was entitled to relief from his designation as a career offender pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the United States Supreme Court invalidated the residual clause of the Armed Career Criminal Act as unconstitutionally vague. *Pinkston v. United States*, No. 3:13CV00980, Doc. No. 32. The Sixth Circuit denied this motion as well, concluding *Johnson* had no effect on Mr. Pinkston's sentence. *In re Frederick Pinkston*, No. 16-5726 (6th Cir. Sept. 21, 2016).

Mr. Pinkston also filed several motions in the sentencing court seeking to reduce his sentence on various bases. *United States v. Pinkston*, No. 3:09CR00161-3, Doc. Nos. 129, 134, 139, 141. All were denied. *Id.*, Doc. Nos. 137, 138, 140, 150.

Mr. Pinkston, an inmate at the Forrest City Low Federal Correctional Institution, now seeks to vacate, set aside, or correct his sentence through the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) He alleges he is "innocent" of the career offender designation because neither his instant offense nor his prior conviction[1] qualifies as a controlled substance offense. (*Id.* at 1, 4.) He relies specifically on *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019), wherein the Sixth Circuit held the definition of "controlled substance offense" in the United States Sentencing Guidelines does not include attempt crimes.[2] He asks this Court to remove the career offender designation and resentence him accordingly. (*Id.* at 5.) After careful consideration of Mr. Pinkston's Petition and the Response (Doc. No. 7), I recommend the Petition be dismissed for lack of jurisdiction.

## II.   ANALYSIS

An inmate seeking to challenge the lawfulness of the imposition of his federal conviction and sentence must generally bring a 28 U.S.C. § 2255 motion to the sentencing court. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). Because a § 2255 motion attacks the validity of the conviction or sentence, it is a "further step in the movant's criminal case," and subject matter

---

[1] Mr. Pinkston mentions his prior conviction for possession with intent to sell or deliver 0.5 grams of cocaine. (Doc. No. 1 at 4.) The record reflects his other predicate offense was aggravated assault, which the Sixth Circuit determined qualified as a crime of violence. *In re Frederick Pinkston*, No. 16-5726.

[2] As Respondent points out, the Eighth Circuit has continued to hold, despite contrary circuit authority, that inchoate offenses such as conspiracy and attempt are included in the definition of controlled substance offense. *See United States v James*, 790 Fed. App'x 837, 838-39 (8th Cir. 2019) (unpublished per curiam) (citing *United States v. Mendoza-Figueroa*, 65 F.3d 691 (8th Cir. 1995) (en banc), *cert. denied*, 516 U.S. 1125 (1996)).

jurisdiction lies with the convicting and sentencing court. *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983) (per curiam); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam). In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out, and is properly brought before the court presiding in the judicial district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323; *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009). Mr. Pinkston's Petition, although filed as one pursuant to § 2241, does not attack the execution of his sentence but the validity of it.

A petitioner cannot use § 2241 to challenge a conviction or sentence unless he first shows that § 2255 would be inadequate or ineffective. *Abdullah*, 392 F.3d at 959. The requirement that a petitioner must first demonstrate that § 2255 is inadequate or ineffective comes from § 2255's savings clause:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). As a purely practical matter, it is the burden of the petitioner to demonstrate that § 2255 relief in the sentencing court would be inadequate or ineffective. *DeSimone*, 805 F.2d at 323 (citing *Von Ludwitz v. Ralston,* 716 F.2d 528, 529 (8th Cir. 1983) (per curiam)). In establishing such a requirement, the United States Court of Appeals for the Eighth Circuit has clearly stated:

> Significantly, in order to establish a remedy is "inadequate or ineffective" under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition. This court has held a § 2255 motion is not "inadequate or ineffective" merely because: (1) "§ 2255 relief has already been denied," (2) "[the] petitioner has been denied permission to file a second or successive § 2255 motion," (3) "a second or

5

successive § 2255 motion has been dismissed," or (4) "[the] petitioner has allowed the one year statute of limitations and/or grace period to expire."

*Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (citing *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000)).

Mr. Pinkston states § 2255 relief would be inadequate or ineffective "in light of Havis." (Doc. No. 1 at 2.) He appears to argue the savings clause of § 2255 applies because the claim he makes here was not available to him, as *Havis* had not yet been decided, at the time of his § 2255 proceedings. Some circuits have held habeas corpus relief is appropriate where the petitioner relies on a new rule of statutory law made retroactive to cases on collateral review and has previously sought relief under § 2255. *See, e.g.*, *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018); *Harrington v. Ormond*, 900 F.3d 246, 249 (6th Cir. 2018); *In re Davenport*, 147 F.3d 605, 610-11 (7th Cir. 1998); *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997). As one court has explained,

> This is because, although a prisoner may raise such a claim in a first motion for relief under § 2255, new rules of statutory law (as opposed to constitutional law) are not a basis for authorizing a successive motion for relief under § 2255. *See* 28 U.S.C. § 2255(h). Thus, a prisoner may be left with a valid claim for relief – that an intervening change of statutory law has resulted in a viable claim that she was innocent of the offense for which she was convicted – and yet have no procedural vehicle through which to bring such a claim.

*Coleman v. Barnes*, No. 18-CV-1682 (NEB/TNL), 2018 WL 6991105, at 2 (D. Minn. Oct. 10, 2018), *report and recommendation adopted*, 2018 WL 6716842 (D. Minn. Dec. 20, 2018). These circuits generally follow a three-prong test, holding § 2255 is inadequate or ineffective when (1) an intervening decision establishes the prisoner is in custody for an act the law does not make criminal; (2) the prisoner's claim was foreclosed by erroneous circuit law at the time of sentencing, direct appeal, and a first motion under § 2255; and (3) the prisoner cannot satisfy the requirements for bringing a second or successive motion under § 2255. *Wilson v. Lowry*, No. CR 98-00177

(SRN), 2017 WL 5158654, at 2 (D. Minn. Nov. 7, 2017).

But even assuming *Havis* qualifies as a new rule of statutory law, it has not been held retroactive to cases on collateral review. *See Chapman v. Terris*¸ No. 19-11247, 2019 WL 5733708, at 2 (E.D. Mich. Nov. 5, 2019) (citing *Bullard v. United States*, 937 F.3d 654, 657 (6th Cir. 2019) ("*Havis* provides no relief on collateral review.")); *Goddard v. United States*, No. 0:19-067-HRW, 2019 WL 3290118, at 3 (E.D. Ky. July 22, 2019). Therefore, the savings clause is not applicable on the basis of an intervening change in statutory law, and Mr. Pinkston cannot establish relief under § 2255 would be inadequate or ineffective. For this reason, I recommend his § 2241 Petition be dismissed for lack of jurisdiction.

## III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. Pinkston's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED.

DATED this 12th day of May 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE