IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**FREDERICK PINKSTON**　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**
*Reg. #19117-075*

v.　　　　　　　　　Case No. 2:20-cv-00019-LPR

**DEWAYNE HENDRIX**
*Warden, Federal Correctional Complex (Low)*　　　　　　　　**DEFENDANT**

**ORDER**

On January 29, 2020, Plaintiff Frederick Pinkston filed a 2241 Petition for a Writ of Habeas Corpus. (Doc. 1). Mr. Pinkston was sentenced in the United States District Court for the Middle District of Tennessee in 2009. He asserts that a 2019 case from the Sixth Circuit—*United States v. Havis*, 927 F.3d 382 (6th Cir. 2019)—establishes that the use of the career offender guideline range in his original sentencing was erroneous. Mr. Pinkston believes he is entitled to, and is requesting, a resentencing. Before the Court is United States Magistrate Judge Joe J. Volpe's Report and Recommendation ("Recommendation"). Judge Volpe recommends dismissing the petition. No objections to the Recommendation have been filed, and the time to do so has now passed. The Court has carefully reviewed the Recommendation as well as the entire record in this case.

It is far from clear that Mr. Pinkston's request can be brought as a 2241 petition. There is a strong argument that the request does not fit within the savings clause set forth at 2255(e). *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017); *Prost v. Anderson*, 636 F.3d 578 (10th Cir. 2011); *see also Lee v. Sanders*, 943 F.3d 1145, 1147 (8th Cir. 2019) (citing *Prost* with favor in explaining the difficult showing "required by 2255's 'savings

clause.'").[1]  If that's right, a 2241 petition is not appropriate and I must dismiss it for lack of jurisdiction.  The requested relief should be sought in the sentencing court.

On the other hand, there is a reasonable argument that the 2255(e) savings clause applies and thus a 2241 petition is an appropriate way to proceed.  *See Bullard v. United States*, 937 F.3d 654, 661 (6th Cir. 2019), cert. denied, 140 S. Ct. 2786, 206 L. Ed. 2d 951 (2020) (holding that a "misapplication-of-an-advisory-guidelines-range claim . . . is not cognizable under § 2255" and thus a plaintiff "cannot use § 2255—or our decision in *Havis*—to attack collaterally his designation as career offender under the Sentencing Guidelines") (internal quotations omitted); *McCarthan*, 851 F.3d at 1088 (suggesting that the savings clause applies in situations where a claim "is not cognizable under section 2255(a)").  Even if that is the right approach, Mr. Pinkston's 2241 petition should still be dismissed.  As Judge Volpe set out on page 7 of his Recommendation, the Sixth Circuit is clear that *Havis* provides no relief on collateral review.  Moreover, each of the Government's other arguments in its Response to the Petition (Doc. 7) are also persuasive and carry the day.[2]

I adopt Judge Volpe's Recommendation to the extent it is consistent with the foregoing.  Accordingly, Mr. Pinkston's § 2241 Petition for Writ of Habeas Corpus (Doc. 1) is DISMISSED.

IT IS SO ORDERED this 2nd day of October 2020.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[1] *But see*, *e.g.*, *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018), cert. denied, 139 S. Ct. 1318, 203 L. Ed. 2d 600 (2019); *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 179-81 (3d Cir. 2017); *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).  I do not read *Abdullah v. Hedrick*, 392 F.3d 957 (8th Cir. 2004), to have taken a position on the circuit split.

[2] The Motion and the files and records of this case conclusively show that Mr. Pinkston is entitled to no relief.  A hearing is unnecessary.